

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
**1200 Ontario Street**
**Cleveland, Ohio 44113**

## Court of Common Pleas

**New Case Electronically Filed:**
**September 11, 2017 16:19**

By: TIFFANY C. FISCHBACH 0083348

Confirmation Nbr. 1169077

JOE HARRIS                                            CV 17 885753

vs.

EQUITY TRUST COMPANY, ET AL.          **Judge:**  SHERRIE MIDAY

**Pages Filed:**  7

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY

| | | |
|---|---|---|
| JOE HARRIS | ) | CASE NO. |
| 708 Park Avenue | ) | |
| Elyria, Ohio 44035 | ) | JUDGE: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| EQUITY TRUST COMPANY | ) | |
| 1 Equity Way | ) | **JURY DEMAND ENDORSED** |
| Westlake, OH 44145 | ) | **HEREIN** |
| | ) | |
| | ) | |
| PLEASE ALSO SERVE | ) | |
| STATUTORY AGENT | ) | |
| Michael Dea | ) | |
| 1 Equity Way | ) | |
| Westlake, Ohio 44145 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| DAN LUCAS | ) | |
| 1 Equity Way | ) | |
| Westlake, OH 44145 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Joe Harris, by and through undersigned counsel, as his Complaint against the

Defendants, states and avers the following:

## PARTIES

1. Plaintiff Joe Harris is a resident of the city of Elyria, Lorain County, state of Ohio.

2. Defendant Dan Lucas is a resident of the state of Ohio.

3. Defendant Equity Trust Company is a foreign corporation with its principal place of business located in South Dakota.

4. Defendant Equity Trust Company maintains a place of business in Westlake, Cuyahoga County, state of Ohio.

5. At all times, herein, Harris was acting in the course and scope of his employment.

The Employee's Attorney.™



6.  At all times, herein, Lucas was acting in the course and scope of his employment.

7.  Lucas, is and, at all times hereinafter mentioned, was an individual who was a manager and/or supervisor at Equity Trust Company and who acted directly or indirectly in the interest of Equity Trust Company in relation to its employees, and is an employer within the meaning of R.C. § 4112.01(A)(2).

8.  Personal jurisdiction is proper over Defendants pursuant to Ohio R.C. § 2307.382 (A)(1).

9.  Venue is proper pursuant to Civ. R. 3(B)(2).

10. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

11. Harris is a former employee of Equity Trust Company.

12. Harris is a former employee of Lucas.

13. Equity Trust Company hired Harris as Client Services Supervisor in June 2006.

14. Harris is HIV positive.

15. Harris suffers from an injured back.

16. Harris applied for, and was granted FMLA.

17. Harris took a FMLA day in late February or early March of 2016.

18. As a result of being HIV positive and suffering from an injured back, Harris is disabled.

19. Being HIV positive and suffering from an injured back substantially limits Harris from performing certain major life activities, such as lifting, pushing, pulling, and working.

20. Harris was considered disabled within the meaning of Ohio R.C. § 4112.01(A)(13) and/or the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

21. In the alternative, Equity Trust perceived Harris as being disabled.



22. In the alternative, Equity Trust perceived that Harris' medical condition constituted a physical impairment.

23. In the alternative, Equity Trust perceived Harris' medical condition to substantially impair one or more of his major life activities, including working.

24. Despite this actual or perceived disabling condition, Harris was still able to perform the essential functions of his job.

25. On March 16, 2016, Harris informed Lucas that he was HIV positive (the "March 16 disclosure").

26. On March 16, 2016, Harris requested a medical leave of absence due to a medical condition.

27. On March 16, 2016, after Harris disclosed his HIV status, Lucas complained about Harris' performance.

28. Prior to the March 16 disclosure, Harris' performance was not an issue.

29. After the March 16 disclosure, Lucas wrongly chastised Harris for not turning in matrices for his team prior to a presentation.

30. After the March 16 disclosure, Lucas gave Harris a negative performance review.

31. On April 1, 2016, Harris received a call from the Human Resources Manager at Equity, who asked Harris to provide her with a notice of his resignation.

32. On or about April 1, 2016, Harris was actually terminated because he is disabled.

33. On or about April 1, 2016, Harris was actually terminated in retaliation for taking FMLA.

34. Lucas' hostile behavior directed toward Harris caused him to experience extreme emotional distress.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF OHIO R.C. § 4112.02

35. Harris restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

The Employee's Attorney.™



36. Harris suffers from a back injury.

37. Harris is HIV positive.

38. Harris is disabled.

39. In the alternative, Defendants perceived Harris as being disabled.

40. Harris' condition constituted a physical impairment.

41. Harris' condition substantially impaired one or more of his major life activities including working.

42. Defendants perceived Harris' condition to substantially impair one or more of his major life activities including working.

43. Defendants treated Harris differently than other similarly-situated employees based on his disabling condition.

44. Defendants treated Harris differently than other similarly-situated employees based on his perceived disabling condition.

45. Defendants violated R.C. §4112.02 by discriminating against Harris based on his disabling condition.

46. Defendants violated R.C. §4112.02 by discriminating against Harris based on his perceived disabling condition.

47. As a direct and proximate result of Defendants' conduct, Harris suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT II: RETALIATION IN VIOLATION OF THE FMLA

48. Harris restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

49. During his employment, Harris utilized FMLA leave.

50. After Harris utilized his qualified FMLA leave, Defendants retaliated against him.

The Employee's Attorney.™



51. Defendants retaliated against Harris by terminating his employment.

52. Defendants willfully retaliated against Harris in violation of U.S.C. § 2615(a).

53. As a direct and proximate result of Defendants' wrongful conduct, Harris is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## **DEMAND FOR RELIEF**

WHEREFORE, Harris demands from Defendants the following:

(a) Issue a permanent injunction:

  (i)    Requiring Equity Trust Company to abolish discrimination, harassment, and retaliation;

  (ii)   Requiring allocation of significant funding and trained staff to implement all changes within two years;

  (iii)  Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

  (iv)   Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

  (v)    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Equity Trust Company to restore Harris to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

The Employee's Attorney.™

(c) An award against each Defendant of compensatory and monetary damages to compensate Harris for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award for damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

(f) An award of reasonable attorney's fees and non-taxable costs for Harris' claims as allowable under law;

(g) An award of the taxable costs of this action; and

(h) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

Tiffany Fischbach (0083348)
**The Spitz Law Firm, LLC**
25200 Chagrin Blvd, Suite 200
Beachwood, OH  44122
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email: tiffany.fischbach@spitzlawfirm.com

*Attorney for Joe Harris*

The Employee's Attorney.™



## JURY DEMAND

Plaintiff Joe Harris demands a trial by jury by the maximum number of jurors permitted.

Tiffany Fischbach (0083348)

**The Employee's Attorney.™**

